**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization; DISABLED IN ACTION OF METROPOLITAN NEW YORK, a nonprofit organization; ROBERT HARDY, an individual; and RODOLFO DIAZ, an individual; on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>-against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, a public benefit corporation; JANNO LIEBER, in his official capacity as chairman and chief executive officer of the Metropolitan Transportation Authority; NEW YORK CITY TRANSIT AUTHORITY, a public benefit corporation; and RICHARD DAVEY, in his official capacity as president of the New York City Transit Authority;<br><br>     Defendants. | No. 16-CV-5023 (ER)<br><br>~~[PROPOSED]~~ **AMENDED ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; DIRECTING ISSUANCE OF SETTLEMENT NOTICE; AND SCHEDULING HEARING ON FINAL APPROVAL** |
| UNITED STATES OF AMERICA,<br><br>     Plaintiff-Intervenor,<br><br>-against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and NEW YORK CITY TRANSIT AUTHORITY,<br><br>     Defendants. | |

WHEREAS, on June 28, 2016, Plaintiffs Bronx Independent Living Services, Disabled In Action of Metropolitan New York, Robert Hardy, and Rodolfo Diaz filed a putative class action lawsuit in the United States District Court for the Southern District of New York (No. 16-CV-5023 (ER) (the "Action") with allegations related to Defendants' failure to install elevators at the Middletown Road subway station during Defendants' renovation of that station. ECF No. 1;

WHEREAS, on February 23, 2017, Plaintiffs amended their complaint. ECF No. 35;

WHEREAS, on March 13, 2018, Plaintiff-Intervenor the United States of America filed a Complaint-in-Intervention against Defendants alleging that Defendants failed to install elevators at the Middletown Road subway station during Defendants' renovation of that station, ECF No. 66;

WHEREAS, on April 25, 2018, this Court a) certified a class of "[a]ll persons with mobility disabilities who cannot currently use the Middletown Road subway station because of accessibility barriers at that station and who would use the station if it were made accessible"; b) appointed Plaintiffs as class representatives, and c) appointed Disability Rights Advocates as Class Counsel. ECF No. 84;

WHEREAS, on March 5, 2019, the Court granted Plaintiffs' motion for partial summary judgment;

WHEREAS, the Plaintiff Class seeks relief against the Metropolitan Transportation Authority, Janno Lieber, in his official capacity as the Chairman and Chief Executive Officer of the Metropolitan Transportation Authority, New York City Transit Authority, and Richard Davey, in his official capacity as President of the New York City Transit Authority (collectively, "Defendants") for alleged violations of Title II of the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*.

WHEREAS Plaintiffs, Plaintiff-Intervenor, and Defendants (collectively, the "Parties"), through their respective counsel have entered into a Settlement Agreement, dated September 29, 2023, which if approved by the Court resolves the class claims raised in this Action by Plaintiffs and provides for the dismissal of this Action;

WHEREAS Plaintiffs previously moved the Court, pursuant to Rule 23I(1)(c) for (i) preliminary approval of the proposed Settlement, a copy of which is annexed as Exhibit 1 to the Rodgers Declaration dated September 29, 2023 (ECF No. 213); (ii) approval of the Notice of Proposed Settlement of Class Action ("Class Notice," comprised of the Full Notice and Short Form Notice), Exhibit 2 to the Rodgers Declaration; (iii) approval of a plan for providing notice to the Class, as set forth below; and (iv) assuming the preliminary approval was granted, for a Fairness Hearing to be conducted no earlier than 104 days after the date that preliminary approval is granted;

WHEREAS Plaintiff-Intervenor and Defendants did not oppose Plaintiffs' Motion;

WHEREAS the Court adopted and issued an Order Granting Plaintiffs' Motion for Preliminary Approval of Class Settlement; Directing Issuance of Settlement Notice; and Scheduling Hearing on Final Approval on October 2, 2023 (ECF No. 219) (the "October 2 Order");

WHEREAS the Parties have requested the Court adjourn the Fairness Hearing contemplated by the October 2 Order to a later date;

WHEREAS the deadlines with respect to the Issuance and Posting of the Settlement Notice and for Class Member Objections contained in Paragraphs 7, 13, and 14 of the October 2 Order are not altered and are reproduced below; and

WHEREAS the Court has presided over proceedings in the above-captioned action and has reviewed the pleadings and papers on file, and finds good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      Unless otherwise stated, the terms in this Order have the meaning set forth in the Settlement Agreement (Rodgers Decl., Exhibit 1) (ECF No. 213-1).

2.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Plaintiff Class and the Defendants.

3.      The Proposed Settlement Agreement is the product of arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel.

4.      The Proposed Settlement Agreement is fair and warrants the dissemination of notice to the Class Members to apprise them of the Settlement.

5.      The Court hereby grants preliminary approval of the terms and conditions contained in the Proposed Settlement Agreement.  The Court preliminarily finds that the terms of the Agreement appear to be within the range appropriate for approval, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and applicable law.

6.      The Court hereby approves the Class Notice, attached as Exhibit 2 of the Rodgers Declaration (ECF No. 213-2).

7.      Within thirty days of the October 2 Order , the Class Notice shall be disseminated in both English and Spanish to the Class, substantially in the form attached as Exhibit 2 to the Rodgers Declaration by the following means:

3

a.  Class Counsel will post the Class Notice in a prominent place on its website and will distribute the Class Notice by email to stakeholders;

b.  Plaintiffs BILS and DIA will distribute the Notice electronically to their consumers/members;

c.  The Defendants will translate the Notice into Spanish, post the Notice, in both English and Spanish on at least two places on their website, including their "Accessibility" page, and will distribute the Notice via the Systemwide Accessibility Team's newsletter.

d.  The Notice will be provided in a format that is accessible to persons with disabilities.

e.  Each party will bear its own costs of providing any Notice required by this Order.

8.      The Class Notice constitutes valid, due, and sufficient notice to the Class, and is the best notice practicable under the circumstances.  The Class Notice apprises Class Members in a fair and neutral way of the existence of the Settlement Agreement and their rights with respect to the Settlement Agreement.  Dissemination of the Class Notice as provided in the October 2 Order and above is hereby authorized and approved and satisfies the notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

9.      A hearing is appropriate to consider whether this Court should grant final approval to the Settlement Agreement, and to allow adequate time for members of the Class, or their counsel, to support or oppose this settlement.  The Court will schedule a fairness hearing at least 104 days from the date of this order to permit notification of the proposed settlement to relevant authorities pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act.

10.     A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure

shall be held before the undersigned on _____ at __2:30_____ a.m./p.m. in the United States

<span>April 11, 2024</span>

District Court for the Southern District of New York, The Thurgood Marshall United States

Courthouse, 40 Foley Square, New York, NY, 10007, Courtroom 619, to determine whether the

proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved

by the Court.  The hearing may be continued from time to time without further notice.  The

Fairness Hearing may be held remotely.

11.     At least fourteen days before the Fairness Hearing, counsel for Defendants and

Class Counsel will each provide a declaration to the Court attesting to the manner in which they

disseminated the Class Notice consistent with the Agreement.

12.     Any member of the Class may enter an appearance on his or her own behalf in

this action through that Class Member's own attorney (at their own expense) but need not do so.

Class Members who do not enter appearances through their own attorneys will be represented by

Class Counsel.

13.     As provided in the October 2 Order, any member of the Class may object to the

proposed Settlement Agreement.  Any member of the Class who wishes to object must do so in

writing, and all objections must be postmarked at least thirty days prior to the Fairness Hearing

scheduled by the October 2 Order (postmark date is December 26, 2023), and must be sent to the

Court, counsel for Defendants, and Disability Rights Advocates at the addresses listed in the Full

Notice.

14.     Any Class Member who fails to properly and timely file and serve objections or

comments shall be foreclosed from objecting to the Stipulation of Settlement, unless otherwise

ordered by the Court.  Any member of the Class may also request permission to speak at the

Fairness Hearing by submitting a request in writing as outlined above, postmarked by this same deadline.

15.     Class Counsel and counsel for Defendants will respond to any timely filed objections not later than fourteen days prior to the Fairness Hearing.

16.     Plaintiffs will file their Motion for Final Approval of Settlement no later than fourteen days before the Fairness Hearing.

17.     The Court further orders that pending further order from the Court, all proceedings in this Action, except those contemplated herein and in the Stipulation of Settlement, shall be stayed.

IT IS SO ORDERED.


DATED: _____December 28_____, ___2023___


_____

The Honorable Edgardo Ramos
United States District Judge